United States District Court
Southern District of Texas

**ENTERED**

April 25, 2025

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CANDY HILL HUGHES, | § | |
| (TDCJ # 01596685) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-24-4114 |
| | § | |
| ERIC GUERRERO, Executive Director of | § | |
| TDCJ-CID,[1] | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Texas state inmate Candy Hill Hughes, (TDCJ #01596685), filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2009 Texas state-court conviction and 60-year sentence for murder. (Docket Entry No. 5). He is representing himself and proceeding without paying the filing fee. The respondent has moved for summary judgment and provided copies of the state-court records. (Docket Entry Nos. 15, 16). Hughes did not respond to the motion, and his time to do so has now expired. After considering Hughes's petition, the motion, the record, and the law, the court dismisses the petition as untimely filed. The reasons are explained below.

### I.    Background

In August 2009, the 230th District Court sentenced Hughes to 60 years in prison after a jury found him guilty of murder. (Harris County Cause No. 1169973; Docket Entry No. 16-1, pp.

---

[1]The previously named respondent in this action was Bobby Lumpkin. In December 2024, Eric Guerrero succeeded Lumpkin as Director of the Texas Department of Criminal Justice–Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

103-04).    The Texas First Court of Appeals affirmed Hughes's conviction and sentence in December 2010.  *See Hughes v. State*, No. 01-09-00743-CR, 2010 WL 5187697 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, pet. ref'd) (*mem. op., not designated for publication*).    The Texas Court of Criminal Appeals granted Hughes leave to file an out-of-time petition for discretionary review.  (Docket Entry No. 16-15, p. 2).  Hughes's petition was refused on March 7, 2012.  (Docket Entry No. 16-14).  Hughes did not seek further review of his conviction and sentence in the United States Supreme Court.  (Docket Entry No. 5, p. 3).

On August 1, 2013, Hughes filed an application for a state writ of habeas corpus, raising claims of ineffective assistance of counsel and trial court error.[2]  (Docket Entry No. 16-16, pp. 5-21).  The Texas Court of Criminal Appeals denied the application without written order on October 19, 2016.  (Docket Entry No. 16-17).

On March 20, 2020, Hughes filed a second application for a state writ of habeas corpus, raising additional claims of ineffective assistance of counsel based on his allegedly recent receipt of trial transcripts.  (Docket Entry No. 16-18, pp. 4-23).  The Texas Court of Criminal Appeals dismissed the application as a subsequent application on September 30, 2020.  (Docket Entry No. 16-19).

On October 16, 2024, Hughes filed a handwritten pleading that this court construed as a petition for a federal writ of habeas corpus.  (Docket Entry No. 1).  At the court's request, Hughes filed an amended petition on November 6, 2024, raising claims of judicial bias, trial court error,

---

[2]In his motion for summary judgment, the respondent uses the date Hughes signed his first state application as the date of filing rather than the date it was stamped filed by the Clerk of Court.  (Docket Entry No. 15, pp. 7-8).  Hughes's application for state habeas relief did not identify the date that he placed it in the hands of jail officials for mailing to allow him to take advantage of the prison mailbox rule.  *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988).  The court therefore uses the date of filing rather than the date the application was signed in this order.

and ineffective assistance of appellate counsel.  (Docket Entry No. 5).  He alleges that his petition should be considered timely under the actual innocence exception to the statute of limitations because his judgment of conviction did not include the statutory reference for his offense or his signature.  (*Id.* at 14).  He asks this court to order his immediate release from his allegedly unlawful confinement.  (*Id.* at 15).

The respondent answered Hughes's petition with a motion for summary judgment, raising defenses of the statute of limitations and failure to exhaust state remedies.  (Docket Entry No. 15).  The respondent filed the state-court records in support.  (Docket Entry No. 16).  Hughes did not file a response to the motion, and his time to do so has now expired.

## II.    Discussion

### A.    The One-Year Limitations Period.

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), controls a district court's review of a federal habeas petition.  It contains a one-year limitations period which runs from the latest of four dates:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Limitations is an affirmative defense. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). The respondent raised this defense in his answer.

Hughes's time to file a federal habeas petition challenging his conviction and sentence began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The pleadings and record show that Hughes's conviction became final for purposes of federal habeas review on June 5, 2012, when the 90-day period to seek review of his conviction in the United States Supreme Court expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired."); *see also* SUP. CT. R. 13(1) (a petition for a writ of certiorari is due within 90 days of the entry of an order denying discretionary review by the state court of last resort). The deadline for Hughes to file a timely federal habeas petition was one year later, on June 5, 2013. Hughes's federal petition was filed on October 16, 2024, more than eleven years outside the limitations period. His petition is time-barred unless he can show that a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending extends the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 5 (2000). But a state habeas application filed after the federal limitations period has expired will not extend the already expired limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Hughes's state habeas application was filed on August 1, 2013, almost two months after the federal limitations period expired. His second state habeas application was filed on March 20, 2020, almost seven years after the federal limitations period expired. These state habeas applications do not extend the limitations period for Hughes's federal habeas petition.

4

Even if the court were to consider Hughes's first state habeas application as filed on the date he signed it rather than the date it was filed, his petition is still untimely. Hughes signed his first application for a state writ of habeas corpus on May 18, 2013. (Docket Entry No. 16-16, p. 20). The Texas Court of Criminal Appeals denied the application on October 19, 2016. (Docket Entry No. 16-17). Hughes had up to 1,250 days of statutory tolling, extending his deadline to seek federal habeas review until November 7, 2016.[3] Hughes's October 2024 federal petition was filed almost eight years after that extended deadline expired. His claims are time-barred unless another basis for extension applies.

Hughes has not alleged or presented facts showing that any of the other statutory exceptions to the limitations period apply. He has not alleged facts showing that any unconstitutional state action prevented him from filing his federal habeas petition before limitations expired. *See* 28 U.S.C. § 2244(d)(1)(B). He has not alleged facts showing that his claims are based on a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And he has not alleged facts showing that the factual basis for his claims could not have been timely discovered if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Because there is no statutory exception that applies to extend the deadline for Hughes's petition, it is time-barred unless there is an equitable basis for extension.

### B.    The Equitable Tolling Claim.

Equitable tolling is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir.

---

[3]The 1,250th day was Sunday, November 6, 2016. Under Federal Rule of Civil Procedure 6(a)(1), when the last day of a period in which to act falls on a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday. Therefore, Hughes's deadline to file was extended until Monday, November 7, 2016.

2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (equitable tolling applies, at the district court's discretion, only "in rare and exceptional circumstances"). A habeas "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (cleaned up). The failure to file within the limitations period "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875. A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002). Neither does a lack of awareness of the law, lack of knowledge of filing deadlines, status as a self-represented litigant, or lack of legal training. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases). The petitioner has the burden of establishing that equitable tolling is warranted. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

Hughes's petition does not allege facts satisfying either requirement for equitable tolling. He does not identify any circumstance, extraordinary or otherwise, that prevented him from filing either his state application or his federal petition before limitations expired. His lack of awareness of the law, lack of knowledge of filing deadlines, and status as a self-represented litigant are not extraordinary circumstances that support equitable tolling to extend the filing deadline. *See Felder*, 204 F.3d 171-72; *see also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) ("[L]ack of knowledge of applicable filing deadlines is not a basis for tolling.").

6

In addition, Hughes does not allege facts showing that he has diligently pursued his rights. "What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019). The record shows that Hughes waited more than a year after the Texas Court of Criminal Appeals denied his petition for discretionary review before filing his first state habeas application. He then waited more than eight years after his first state habeas application was denied before filing his federal habeas petition. Equitable tolling is not intended to benefit those who sleep on their rights, *see Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012), and these long periods of unexplained inactivity indicate a lack of due diligence.

Because Hughes has not shown that he diligently pursued his state and federal habeas rights but was prevented from timely filing his petition by extraordinary circumstances, he is not entitled to equitable tolling of the limitations period.

### C.    The Actual Innocence Claim.

In his answer to the question about the timeliness of his federal petition, Hughes alleges that his petition should be considered timely because his judgment of conviction is void, which he contends establishes that he is actually innocent of his offense of conviction. (Docket Entry No. 5, pp. 13-14). Actual innocence, if proven, may excuse the failure to comply with AEDPA's statute of limitations and provide a "gateway" to review otherwise time-barred claims. *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). This exception to the limitations period requires the habeas petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In determining whether the proffered evidence is "new," the court considers whether the evidence was available to the petitioner or his counsel at the time of trial. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018). "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [the petitioner's] personal knowledge or reasonable investigation.'" *Id.* (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)); *see also Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998) (evidence whose "essence or character" was available to be presented at trial is not "new" for purposes of an actual-innocence claim). In addition, the new evidence must bear on the petitioner's factual innocence, not the legal sufficiency of the State's evidence. *See Bousely v. United States*, 523 U.S. 614, 623-24 (1998). To establish actual innocence, the petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Id.* at 623 (quoting *Schlup*, 513 U.S. at 328).

Hughes contends that his judgment of conviction is void because it does not list the specific statute supporting his conviction and because he did not sign the judgment. (Docket Entry No. 5, pp. 13-14). But these alleged errors are not new; they would have been apparent to Hughes no later than June of 2012, when the judgment was entered. In addition, the alleged errors raise questions about the legal sufficiency of the judgment under state procedural law rather than questions of Hughes's factual innocence of the murder charge. Further, the alleged errors in the form of the judgment are matters of state procedural law, not constitutional violations, and so are not reviewable in a federal habeas petition. *See Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983) (federal district courts "do not sit as a super state supreme court on a habeas corpus proceeding to review error under state law"); *Chism v. Dretke*, No. 2:05-cv-0148, 2005 WL 1356439, at *2 (N.D.

Tex. June 5, 2005) (finding that errors on the face of a state-court judgment that allegedly violated state law were not cognizable in a federal habeas petition).

Because Hughes does not identify any evidence that is either "new" or that establishes his factual innocence, he does not fall within the actual-innocence exception to the federal habeas limitations period. His petition is untimely and so is dismissed.

## III.   Certificate of Appealability

Hughes has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

After carefully considering the pleadings and matters of record, the court concludes that jurists of reason would conclude without debate that the procedural rulings in this case are correct. There are no grounds to issue a certificate of appealability.

## IV.    Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 15), is granted. Hughes's amended petition for a writ of habeas corpus, (Docket Entry No. 5), is dismissed with prejudice as barred by limitations.  Any other pending motions are denied as moot.  A certificate of appealability is denied.  Final judgment is separately entered.

SIGNED on April 25, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge